In the Matter of the Application of UPSTATE TELEPHONE CORPORATION OF NEW YORK, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission, Head of the State Division of the Department of Public Service of the State of New York, and the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Defendants.

Third Department, June 25, 1936.

*Wood, Wood & Wood* [*Edward S. Wood* of counsel; *John D. Wood* with him on the brief], for the petitioner.

*Charles G. Blakeslee, Counsel to the Public Service Commission,* and *Sherman C. Ward, Acting Counsel for the Public Service Commission* [*John J. Donohue* of counsel], for the defendants.

HILL, P. J.  Under certiorari we are reviewing two orders of the Public Service Commission dated October 29, 1935, purporting to be in compliance with section 18-a of the Public Service Law. One determined that the amount to be paid by the petitioner to the Public Service Commission for its expenses incurred in connection with an "investigation and/or valuation" of petitioner's rates and property for the period August 27 to December 31, 1934, was $2,862.54.  The other was like the first in all particulars except that it covered the period from January 1 to June 30, 1935, and fixed the amount at $3,919.55.  Petitioner's total gross revenue derived from intrastate utility operations in 1934 was $783,910.77.

The petitioner questions the legality of these orders under the last two sentences of section 18-a. " The total amount *which may be charged* by the Commission to any public utility under authority of this section in any calendar year shall not exceed *one-half of one per centum* of such public utility's *gross operating revenues* derived from intrastate utility operations in the last preceding calendar year. The amount assessed against a public utility, not paid within thirty days after such determination, shall draw interest at the rate of six per centum per annum."

One-half of one per cent of the 1934 gross operating revenues is $3,919.55, the exact amount fixed by one of the orders. Petitioner has already paid this amount to the Commission, but refuses to pay the additional $2,862.54, as required by the other order, upon the ground that under the above-quoted portion of the section it may be charged in any year only one-half of one per centum of its gross operating revenue received in the calendar year last preceding the making of the order or orders, and urges a construction that under the section the expenses " are not charged by the Commission " to the utility until after the hearing in reference thereto has been had. The first sentence in section 18-a provides for a hearing by the Commission in connection with these expenses. In so far as it is applicable it reads: " Whenever the Public Service Commission in a proceeding * * * shall deem it necessary in order to carry out its statutory duties, to investigate the operations, * * * or to make valuations or revaluations of the property of any public utility, such public utility *shall be charged* with and pay such portion of the compensation and expenses of the Commission * * * as is reasonably attributable to such investigation, valuation or revaluation, provided an opportunity to be heard thereon shall first have been granted to such public utility." The orders which we are considering were made following hearings which were begun in August, 1935.

If this was an open question, cogent argument might be made from a rhetorical and grammatical standpoint that the " public utility shall be charged " with these expenses only " provided an opportunity to be heard thereon shall first have been granted to such public utility." It is not an open question if regard is to be had for the dicta contained in the opinion in *Bronx Gas & Electric Co.* v. *Maltbie* (268 N. Y. 278). It is there stated (p. 287): " Neither is there any discretion given to the courts to determine when or how the expenses *shall be charged* to the investigated corporation. Section 18-a distinctly states that whenever the Public Service Commission shall deem it necessary to investigate the rates of any public utility, such public utility *shall be charged*

with and pay such portion of the compensation and expenses of the Commission as is reasonably attributable to such investigation." Also (p. 288): " The words, ' provided an opportunity to be heard thereon shall first have been granted to such public utility ' apply to the preceding clause, ' such portion of the compensation and expenses of the Commission, its officers, agents and employees, including employees temporarily employed, as is reasonably attributable to such investigation, valuation or revaluation.' " And again (p. 289): " The petitioner, * * * is entitled to be heard upon these expenses which *have been charged* to it, both as to their reasonableness and as to their being attributable to the investigation. The bills referred to in section 18-a can only be sent after this opportunity for a hearing has been granted. The Commission is not obliged to give any notice or hearing as to whether the costs and expenses *shall be charged* to the corporation." To like effect (p. 290): " We do hold, however, that these expenses and charges cannot be· billed to the company, under section 18-a, until it has had an opportunity to be heard as to their reasonableness."

Under the foregoing language, the expenses for the portion of 1934 were *charged* in that year and are payable from the operating revenues of 1933, the then last preceding calendar year, and the expenses in 1935 were *charged* in that year and are to be limited to one-half of one per cent of the operating revenues of 1934. The fact that the *charges* for both years were billed in 1935 is without significance.

The orders of Public Service Commission should be confirmed, with fifty dollars costs.

McNAMEE, CRAPSER and HEFFERNAN, JJ., concur; BLISS, J., concurs in the result, with a memorandum.

BLISS, J. (concurring). I concur in the result and in the opinion of our Presiding Justice for confirmation except as to the statement that " if this was an open question, cogent argument might be made from a rhetorical and grammatical standpoint that the ' public utility shall be charged' with these expenses only ' provided an opportunity to be heard thereon shall first have been granted to such public utility.' " The statute is clear that the Commission in fixing the liability first charges the utility with the expenses. Presumably this is done at the time of the actual rendition of the service for which the charge is being made. The Commission later renders a bill of such charges to the utility. Such bill under the statute may be rendered at the conclusion of the investigation, valuation or revaluation or from time to time during its progress.

When the statute limits the amount which may be charged by the Commission to the utility in any calendar year it refers to the records which are made by the Commission against the utility at the time of the rendition of the service for which the charge is made. It does not refer, as is contended by the petitioner here, to the rendering of the bill by the Commission or to an order made at the conclusion of a hearing determining the amount to be paid by the utility. The statute is open to this construction only.

Orders unanimously confirmed, with fifty dollars costs and disbursements.